1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

BASSAM YACOUB SALMAN, a/k/a
Bassam Jacob Salman

        Defendant.

_____/

Case No. CR-11-0625 EMC

**ORDER RE COURT'S PROPOSED
JURY INSTRUCTIONS**

      The parties have each submitted proposed jury instructions.  Docket Nos. 80, 156.  The Court has considered the views of the partes and proposes the following jury instructions.  The parties are directed to file any objections by **5:00 p.m**, September 6, 2013.

      IT IS SO ORDERED.

Dated:  September 3, 2013

_____
EDWARD M. CHEN
United States District Judge

**United States District Court**
For the Northern District of California

**[PRELIMINARY INSTRUCTIONS]**

**JURY INSTRUCTION NO. 1**

**DUTY OF JURY**


Jurors:  You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions.  At the end of the trial I will give you more detailed written instructions that will control your deliberations.  When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not.  You must decide the case solely on the evidence and the law before you and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  Please do not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be – that is entirely up to you.


Comment:  Ninth Circuit Model Jury Instruction 1.1.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 2**

**THE CHARGE – PRESUMPTION OF INNOCENCE**

This is a criminal case brought by the United States government.  The government charges the defendant with one count of conspiracy to commit securities fraud and four counts of securities fraud.  The charges against the defendant are contained in the indictment.  The indictment simply describes the charges the government brings against the defendant.  The indictment is not evidence and does not prove anything.

The defendant has pleaded not guilty to the charges and is presumed innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant has the right to remain silent and never has to prove innocence or to present any evidence.

Comment:  Ninth Circuit Model Jury Instruction 1.2.

**JURY INSTRUCTION NO. 3**

**USE OF "TIPPER" AND "TIPPEE"**

During the trial, you may hear reference to the term "tippee" – the term simply refers to individuals who have received certain information, and the term "tippee" itself does not necessarily indicate that the individual has acted unlawfully.  Similarly, the term "tipper" is used simply to refer to someone who has provided certain information, and does not necessarily indicate that the individual has acted unlawfully.

Comment:  *See* Pretrial Conference Order.

United States District Court

For the Northern District of California

4

**JURY INSTRUCTION NO. 4**

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness; and

(2) the exhibits which are received in evidence; and

(3) any facts to which the parties agree.

Comment:  Ninth Circuit Model Jury Instruction 1.3.

**United States District Court**
For the Northern District of California

# JURY INSTRUCTION NO. 5

## WHAT IS NOT EVIDENCE

The following things are *not* evidence, and you must not consider them as evidence in deciding the facts of this case:

(1)     statements and arguments of the attorneys;

(2)     questions and objections of the attorneys;

(3)     testimony that I instruct you to disregard; and

(4)     anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

Comment:  Ninth Circuit Model Jury Instruction 1.4.

**JURY INSTRUCTION NO. 6**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**


Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.


Comment:  Ninth Circuit Model Jury Instruction 1.5.

**JURY INSTRUCTION NO. 7**

**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received in evidence.  When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, or the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

Comment:  Ninth Circuit Model Jury Instruction 1.6.

United States District Court
For the Northern District of California

# JURY INSTRUCTION NO. 8

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the witness's opportunity and ability to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

Comment:  Ninth Circuit Model Jury Instruction 1.7.

**JURY INSTRUCTION NO. 9**

**NO TRANSCRIPT AVAILABLE TO JURY**

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

Comment:  Ninth Circuit Model Jury Instruction 1.9.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 10**

**TAKING NOTES**


If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you from being attentive.  When you leave court for recesses, your notes should be left in the envelope in the jury room.  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.


Comment:  Ninth Circuit Model Jury Instruction 1.10.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 11**

**OUTLINE OF TRIAL**


The next phase of the trial will now begin.  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendant may cross-examine.  Then, if the defendant chooses to offer evidence, counsel for the government may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.


Comment:  Ninth Circuit Model Jury Instruction 1.11.

# JURY INSTRUCTION NO. 12
## BENCH CONFERENCES AND RECESSES

From time to time during the trial, it may become necessary for me to take up legal matters with the attorneys privately, either by having a conference at the bench or, when necessary, by calling a recess.

We will do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference.

Comment:  Ninth Circuit Model Jury Instruction 2.2.

**JURY INSTRUCTION NO. 13**

**CONDUCT OF THE JURY**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict:  do not read, watch, or listen

**United States District Court**
For the Northern District of California

to any news or media accounts or commentary about the case or
anything to do with it; do not do any research, such as consulting
dictionaries, searching the Internet or using other reference materials;
and do not make any investigation or in any other way try to learn
about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same
evidence that each party has had an opportunity to address.  A juror who violates these restrictions
jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire
trial process to start over.  If any juror is exposed to any outside information, please notify the court
immediately.

Comment:  Ninth Circuit Model Jury Instruction 1.8.

**[INSTRUCTIONS DURING THE COURSE OF TRIAL]**

**JURY INSTRUCTION NO. 14**

**STIPULATIONS OF FACT**

The parties have agreed to certain facts that have been stated to you.  You should therefore treat these facts as having been proved.

Comment:  Ninth Circuit Model Jury Instruction 2.4.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 15**

**TRANSCRIPT OF RECORDING IN ENGLISH**

You are about to [hear] [watch] a recording that has been received in evidence.  A transcript of the recording is being provided to help you identify speakers and to help you decide what the speakers say.  Remember that the recording is the evidence, not the transcript.  If you hear something different from what appears in the transcript, what you heard is controlling.  Listen carefully; the transcript will not be available during your deliberations.

Comment:  Ninth Circuit Model Instruction 2.7.

**United States District Court**

For the Northern District of California

17

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 16**

**CAUTIONARY INSTRUCTION – FIRST RECESS**

We are about to take our first break.  Remember, until the trial is over, do not discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, and do not allow others to discuss the case with you.  This includes discussing the case in Internet chat rooms or through Internet blogs, Internet bulletin boards, emails or text messaging.  If anyone tries to communicate with you about the case, please let me know about it immediately.  Do not read, watch, or listen to any news reports or other accounts about the trial or anyone associated with it, including any online information.  Do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own.  Finally, keep an open mind until all the evidence has been presented and you have heard the arguments of counsel, my instructions on the law, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to my Courtroom Deputy Clerk Betty Lee to give to me.

Comment:  Ninth Circuit Model Jury Instruction 2.1.

**[INSTRUCTIONS AT THE CLOSE OF EVIDENCE]**

**JURY INSTRUCTION NO. 17**

**DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW**

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case.  A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not.  You must decide the case solely on the evidence and the law and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important.  Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return – that is a matter entirely up to you.

Comment:  Ninth Circuit Jury Instruction 3.1.

**United States District Court**
For the Northern District of California

### JURY INSTRUCTION NO. 18

### CHARGE AGAINST DEFENDANT

### NOT EVIDENCE – PRESUMPTION OF INNOCENCE – BURDEN OF PROOF

The indictment is not evidence.  The defendant has pleaded not guilty to the charges.  The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant does not have to testify or present any evidence to prove innocence.  The government has the burden of proving every element of the charges beyond a reasonable doubt.

Comment:  Ninth Circuit Model Jury Instruction 3.2.

20

**JURY INSTRUCTION 19A**

**DEFENDANT'S DECISION NOT TO TESTIFY**

A defendant in a criminal case has a constitutional right not to testify.  You may not draw any inference of any kind from the fact that the defendant did not testify.

**-OR-**

**JURY INSTRUCTION NO. 19B**

**DEFENDANT'S DECISION TO TESTIFY**

The defendant has testified.  You should treat this testimony just as you would the testimony of any other witness.

Comment:  Ninth Circuit Model Jury Instructions 3.3 and 3.4.

**JURY INSTRUCTION NO. 20**

**REASONABLE DOUBT – DEFINED**

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

Comment:  Ninth Circuit Model Jury Instruction 3.5.

**United States District Court**
For the Northern District of California

22

**JURY INSTRUCTION NO. 21**

**WHAT IS EVIDENCE**


The evidence you are to consider in deciding what the facts are consists of:


(1) the sworn testimony of any witness; and

(2) the exhibits received in evidence; and

(3) any facts to which the parties have agreed.


Comment:  Ninth Circuit Model Jury Instruction 3.6.

Defendant objects to this instruction as duplicative of Instruction 4.  Instruction 4, however, is given at the beginning of the trial, and this instruction will be given at the close of evidence.

United States District Court

For the Northern District of California

**JURY INSTRUCTION NO. 22**

**WHAT IS NOT EVIDENCE**

In reaching your verdict you may consider only the testimony and exhibits received in evidence.  The following things are not evidence and you may not consider them in deciding what the facts are:

1.    Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses.  Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, will say in their closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.    Any  testimony that I have excluded, stricken, or instructed you to disregard is not evidence.  [In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.]

3.    Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Comment:  Ninth Circuit Model Jury Instruction 3.7.

Defendant objects to this instruction as duplicative of Instruction 5.  Instruction 5, however, is given at the beginning of the trial, and this instruction will be given at the close of evidence.

**JURY INSTRUCTION NO. 23**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

Comment:  Ninth Circuit Model Jury Instruction 3.8.

Defendant objects to this instruction as duplicative of Instruction 6.  Instruction 6, however, is given at the beginning of the trial, and this instruction will be given at the close of evidence.

**JURY INSTRUCTION NO. 24**

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.    the witness's opportunity and ability to see or hear or know the things testified to;

2.    the witness's memory;

3.    the witness's manner while testifying;

4.    the witness's interest in the outcome of the case, if any;

5.    the witness's bias or prejudice, if any;

6.    whether other evidence contradicted the witness's testimony;

7.    the reasonableness of the witness's testimony in light of all the evidence; and

8.    any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Comment:  Ninth Circuit Model Jury Instruction 3.9.

**JURY INSTRUCTION NO. 25**

**ACTIVITIES NOT CHARGED**

You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment.  The defendant is not on trial for any conduct or offense not charged in the indictment.

Comment:  Ninth Circuit Model Jury Instruction 3.10.

**JURY INSTRUCTION NO. 26**

**SEPARATE CONSIDERATION OF MULTIPLE COUNTS – SINGLE DEFENDANT**

A separate crime is charged against the defendant in each count.  You must decide each count separately.  Your verdict on one count should not control your verdict on any other count.

Comment:  Ninth Circuit Model Jury Instruction 3.11.

**JURY INSTRUCTION NO. 27**

**STATEMENTS BY DEFENDANT**


You have heard testimony that the defendant made a statement.  It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it.  In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.


Comment:  Ninth Circuit Model Jury Instruction 4.1.

**JURY INSTRUCTION NO. 28**

**IMPEACHMENT EVIDENCE – WITNESS**


You have heard evidence that [name of witness], a witness, [specify basis for impeachment]. You may consider this evidence in deciding whether or not to believe this witness and how much weight to give to the testimony of this witness.


Comment:  Ninth Circuit Model Jury Instruction 4.8.

Defendant asks that this instruction be given, but he does not provide the details of the witness[es] to which it should refer, or the grounds for impeachment.  Unless Defendant provides further explanation, the Court will not give this instruction.

30

United States District Court

For the Northern District of California

**JURY INSTRUCTION NO. 29**

**TESTIMONY OF WITNESSES INVOLVING**

**SPECIAL CIRCUMSTANCES:  IMMUNITY, BENEFITS, ACCOMPLICE, PLEA**

You have heard testimony from Maher Kara and Mounir ("Michael") Kara, witnesses who pleaded guilty to a crime arising out of the same events for which the defendant is on trial and hope to receive a benefit from the government in the form of a recommendation for a reduced sentence in connection with this case.  The guilty pleas are not evidence against the defendant, and you may consider them only in determining these witness' believability.

You also have heard testimony from Joseph Azar and Nasser Mardini, witnesses who admitted to engaging in criminal conduct and entered into Deferred Prosecution Agreements with the government.  That testimony was given in exchange for a promise by the government that the witness will not be prosecuted absent a material and knowing breach of the Deferred Prosecution Agreement.  The Deferred Prosecution Agreements are not evidence against the defendant, and you may consider them only in determining these witness' believability.

For these reasons, in evaluating the testimony of Maher Kara, Mounir ("Michael") Kara, Joseph Azar, and Nasser Mardini, you should consider the extent to which or whether their testimony may have been influenced by any of these factors.  In addition, you should examine the testimony of Maher Kara, Mounir ("Michael") Kara, Joseph Azar, and Nasser Mardini, with greater caution than that of other witnesses.

Comment:  Ninth Circuit Model Jury Instruction 4.9.

**JURY INSTRUCTION NO. 30**

**OPINION EVIDENCE, EXPERT WITNESS**

You have heard testimony from persons who, because of education or experience, were permitted to state opinions and the reasons for their opinions.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Comment:  Ninth Circuit Model Jury Instruction 4.14.

Defendant requests this instruction, though he does not indicate the witness to whom it would apply.  The government objects, as the government has no intention of calling any experts, and Defendant has not provided notice of any expert witnesses.  Defendant indicated at the pre-trial conference that he may call Dr. Bruce Victor.  If Dr. Victor testifies as an expert, the Court finds this instruction appropriate and will give it.

**JURY INSTRUCTION NO. 31**

**CHARTS AND SUMMARIES IN EVIDENCE**

Certain charts and summaries have been admitted in evidence.  Charts and summaries are only as good as the underlying supporting material.  You should, therefore, give them only such weight as you think the underlying material deserves.

Comment:  Ninth Circuit Model Jury Instruction 4.16.

**JURY INSTRUCTION NO. 32**

**COUNT ONE – CONSPIRACY – ELEMENTS**

The defendant is charged in Count One of the indictment with conspiring to commit securities fraud in violation of Section 371 of Title 18 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on or about 2004, and ending on or about 2007, there was an agreement between two or more persons to commit at least one crime as charged in the indictment;

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

Third, one of the members of the conspiracy performed at least one overt act between 2004 and 2007 for the purpose of carrying out the conspiracy, with all of you agreeing on a particular overt act that you find was committed.

A conspiracy is a kind of criminal partnership – an agreement of two or more persons to commit one or more crimes.  The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy.  It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another.  You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy.  Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators.  On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or

purpose of the conspiracy, does not thereby become a conspirator.  Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

An overt act does not itself have to be unlawful.  A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the conspiracy.  The government is not required to prove that the defendant personally did one of the overt acts.

Comment:  Ninth Circuit Model Jury Instruction 8.20.

The parties proposed slightly different wording for this instruction.  The Court adopts Defendant's proposed wording, as it finds that Defendant's proposal more closely tracks the language of the model instruction.

In a footnote to the discussion of this instruction, Defendant also requests that paragraph 17(a) of the indictment be struck.  When the Court clarified at the pre-trial conference that it did not intend to give the jury a copy of the indictment, however, Defendant withdrew this request.

**United States District Court**
For the Northern District of California

35

United States District Court

For the Northern District of California

**JURY INSTRUCTION NO. 33**

**CONSPIRACY – KNOWLEDGE OF AND ASSOCIATION**

**WITH OTHER CONSPIRATORS**

A conspiracy may continue for a long period of time and may include the performance of many transactions.  It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with other conspirators in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if the government proves each of the following beyond a reasonable doubt that:

(1)     the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy;

(2)     the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired; and

(3)     the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is not a defense that a person's participation in a conspiracy was minor or for a short period of time.

Comment: Ninth Circuit Model Jury Instruction 8.23

36

United States District Court

For the Northern District of California

**JURY INSTRUCTION NO. 34**

**COUNTS TWO THROUGH FIVE**

**SECURITIES FRAUD – ELEMENTS**

**(15 U.S.C. §§ 78j(b), 78ff; 17 C.F.R. § 240.10b-5)**

The defendant is charged in Counts Two through Five of the indictment with securities fraud in violation of federal securities law.

1.    Count Two charges the defendant with securities fraud concerning the purchase of 58 securities of United Surgical Partners International, Inc. on or about November 7, 2006.

2.    Count Three charges the defendant with securities fraud concerning the purchase of 6,200 securities of United Surgical Partners International, Inc. on or about December 15, 2006.

3.    Count Four charges the defendant with securities fraud concerning the purchase of 37 securities of Biosite Incorporated on or about March 23, 2007.

4.    Count Five charges the defendant with securities fraud concerning the purchase of 22 securities of Biosite Incorporated on or about March 23, 2007.

As to each count you are considering, in order for Mr. Salman to be found guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt.

First, the defendant willfully used a device or scheme to defraud someone or engaged in any act, practice, or course of business that operates or would operate as a fraud or deceit upon any person;

///

///

///

///

37

United States District Court

For the Northern District of California

1    Second, the defendant's acts were undertaken in connection with the purchase of securities,

2    specifically:

3         1.    For Count Two, that the defendant's acts were undertaken in connection with the

4               purchase of 58 securities of United Surgical Partners International, Inc. on or about

5               November 7, 2006.

6         2.    For Count Three, that the defendant's acts were undertaken in connection with the

7               purchase of 6,200 securities of United Surgical Partners International, Inc. on or

8               about December 15, 2006.

9         3.    For Count Four, that the defendant's acts were undertaken in connection with the

10              purchase of 37 securities of Biosite Incorporated on or about March 23, 2007.

11        4.    For Count Five, that the defendant's acts were undertaken in connection with the

12              purchase of 22 securities of Biosite Incorporated on or about March 23, 2007.

13   Third, the defendant directly or indirectly used an instrumentality of interstate commerce or

14   any facility of any national securities exchange in connection with these acts; and

15   Fourth, the defendant acted knowingly.

16   "Willfully" means intentionally undertaking an act for the wrongful purpose of defrauding or

17   deceiving someone.  Acting willfully does not require that the defendant know that the conduct was

18   unlawful.  You may consider evidence of the defendant's words, acts, or omissions, along with all

19   the other evidence, in deciding whether the defendant acted willfully.

20   An act is done knowingly if the defendant is aware of the act and did not act through

21   ignorance, mistake or accident.  The government is not required to prove that the defendant knew

22   that his acts were unlawful.  You may consider evidence of the defendant's words, acts, or

23   omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

24   It is not necessary that the defendant made a profit or that anyone actually suffered a loss.

25

26   Comment:  Ninth Circuit Model Jury Instruction 9.9.

27   Defendant proposes combining this instruction with Instructions 35, and 36-40.  This Court

28   finds, however, that such a long, multi-part instruction would be unnecessarily confusing for the

jury.  Defendant also raises a number of challenges to the government's proposed wording in the above instruction.  With the exception of adding the numbered points for the different counts on the second element, this Court finds that the government's proposed wording more closely tracks that of the Ninth Circuit Model Instruction, and that it is more accurate.

United States District Court

For the Northern District of California

United States District Court

For the Northern District of California

# JURY INSTRUCTION NO. 35

## COUNTS TWO THROUGH FIVE

### DEVICE OR SCHEME TO DEFRAUD DEFINED

A "device or scheme to defraud" is merely a plan for the accomplishment of any fraudulent objective.

"Fraud" is a general term that embraces all efforts and means that individuals devise to take advantage of others.

The specific "device or scheme to defraud" or "act, practice, or course of business" that the government alleges the defendant employed in connection with Counts Two through Five of the indictment is known as "insider trading."

An "insider" is one who comes into possession of material, confidential, nonpublic information about a security by virtue of a relationship that involves trust and confidence. If a person has such "inside information" and his position of trust or confidence prevents him from disclosing that information, the law forbids him from buying or selling the securities in question or giving that information to others so that they can trade in such securities on the basis of that information.

The law also prohibits a person who is not actually an insider from trading in securities based on material nonpublic information, if the person knows that the material, nonpublic information was intended to be kept confidential and knows that the information was disclosed in breach of a duty of trust or confidence.

Counts Two through Five allege that the defendant engaged in insider trading as a "tippee," that is, based on the allegations that the defendant received material, nonpublic information and wrongfully used it for his own benefit when he knew that the information had been disclosed in violation of a duty of trust and confidence. A person who receives material, nonpublic information engages in an act of fraud or deceit under the federal securities laws if he buys or sells securities based on material, nonpublic information that he knows was disclosed by another person in breach of a duty of trust and confidence. I caution you, however, that trading on information that does not originate from an insider is not illegal.

United States District Court

For the Northern District of California

In order to find that the government has established the first element of securities fraud – namely that the defendant used a device or scheme to defraud or engaged in any act, practice, or course of business that operates or would operate as a fraud or deceit upon any person – the government must prove each of the following beyond a reasonable doubt as to each Count:

(1)    That Maher Kara, who the indictment alleges was the "insider" or the "tipper", had a fiduciary duty or other relationship of trust and confidence with Citigroup or Citigroup's clients;

(2)    That Maher Kara intentionally breached that duty of trust and confidence by disclosing confidential, material, nonpublic information to Mounir ("Michael") Kara, which information was subsequently disclosed to the defendant;

(3)    That Maher Kara personally benefitted in some way, directly or indirectly, from the disclosure of the confidential, material, nonpublic information to Mounir ("Michael") Kara;

(4)    That the defendant knew that the information he obtained had been disclosed in breach of a duty;

(5)    That the defendant used the material, nonpublic information he received to purchase or sell a security or tip for his own benefit; and

(6)    That the defendant knew that Maher Kara personally benefitted in some way, directly or indirectly, from the disclosure of the allegedly inside information to Mounir ("Michael") Kara.

Comment: Defendant argues that paragraphs 2-4 and 6 above (not the numbered paragraphs, but the ones starting "Fraud is a general term..." through "Counts Two through Five...") should not be given.

1.    These paragraphs track almost verbatim from instructions that were given in *United States v. Newman*, 12-CR-121, Docket No. 219 at 4025-28 (S.D.N.Y. Dec. 12, 2012).

United States District Court

For the Northern District of California

2.      Much of the section appears to be derived from different but related instructions in:  3 HON. LEONARD SAND ET AL., MODERN FEDERAL JURY INSTRUCTIONS-CRIMINAL ¶ 57.03, Instructions 57-21, 57-23, 57-23.2 at 57-62 through 57-90 (2013).

3.      Overall, the Court finds that this section is helpful and explanatory.  Further, under Defendant's version of the instruction, the Court would include the paragraph beginning: "The law also prohibits a person who is not actually an insider ..." without first defining what an insider is.  This would be confusing.

For the first numbered paragraph above, Defendant seeks to omit the phrase "or other relationship of trust and confidence."  Defendant offers no authority for this The Court finds that this phrase is appropriately included.  *See Chiarella v. United States*, 445 U.S. 222, 228 (1980) (noting that duty may arise "because of a fiduciary *or other similar relation of trust and confidence between them*") (emphasis added); *United States v. Szur*, 289 F.3d 200, 211 (2d Cir. 2002) (finding duty based on "relationship of trust and confidence" between a broker and customer even though "there is no general fiduciary duty inherent in an ordinary broker/customer relationship").

The parties submitted supplemental briefing on whether the government is required to show that Defendant was aware that Maher Kara derived some benefit from the disclosure of the inside information.  The Court concludes that it is.  The Supreme Court has held that a tipper does not breach his duty unless he personally gains from the improper disclosure, and that a tippee must be aware that the tipper breached his duty in order for the tippee to be convicted.  *Dirks v. S.E.C.*, 463 U.S. 646, 662 (1983) ("Thus, the test is whether the insider personally will benefit, directly or indirectly, from his disclosure.  Absent some personal gain, there has been no breach of duty to stockholders.  And absent a breach by the insider, there is no derivative breach.").

From this, it can be inferred that a tippee must know that the insider derived personal benefit from the disclosure.  As one court has recently explained:

> knowledge of tipper breach [of fiduciary duty] . . . necessitates tippee knowledge of *each element*, including the personal benefit, of the tipper's breach. . . .  The Court reaches that conclusion because, under the Supreme Court's decision in *Dirks v. SEC*, 463 U.S. 646, 103 S. Ct. 3255, 77 L.Ed.2d 911 (1983), "[d]erivative liability can attach only

United States District Court

For the Northern District of California

if the tippee recognizes that the relationship between tipper and tippee is such that the tippee has effectively become a participant after the fact in the insider's breach.'" *Fluor Corp.*, 592 F. Supp. at 594-95 (quoting *Dirks*, 463 U.S. at 659, 103 S. Ct. 3255). "Consequently, unless the tippee knew . . . that the tipper had satisfied the elements of tipper liability, the tippee cannot be said to be a knowing participant in the tipper's breach." *Fluor Corp.*, 592 F. Supp. at 595.

*United States v. Rajaratnam*, 802 F. Supp. 2d 491, 498-99 (S.D.N.Y. 2011) (quoting *State Teachers Ret. Bd. v. Fluor Corp.*, 592 F. Supp. 592, 595 (S.D.N.Y. 1984). The Court finds this rationale persuasive here. The Court will, however, add an instruction further explaining this requirement consistent with *United States v. Whitman*, 904 F. Supp. 2d 363, 370 (S.D.N.Y. 2012).

**JURY INSTRUCTION NO. 36**

**KNOWLEDGE OF BREACH BY TIPPER**

As to the defendant's knowledge that the insider has breached the insider's duty of trust and confidentiality in return for some actual or anticipated benefit, it is not necessary that the defendant know the specific confidentiality rules of a given company or the specific benefit given or anticipated by the insider in return for disclosure of inside information; rather, it is sufficient that the defendant had a general understanding that the insider was improperly disclosing inside information for personal benefit.

Comment:  *United States v. Whitman*, 904 F. Supp. 2d 363, 371 (S.D.N.Y. 2012).

**JURY INSTRUCTION NO. 37**

**COUNTS TWO THROUGH FIVE – DELIBERATE IGNORANCE**

You may find that the defendant acted knowingly if you find beyond a reasonable doubt that the defendant:

1.  was aware of a high probability that he obtained information that had been disclosed in violation of a duty of trust and confidence, and

2.  deliberately avoided learning the truth.

You may not find such knowledge, however, if you find that the defendant actually believed that the information he obtained was not disclosed in violation of a duty of trust and confidence, or if you find that the defendant was simply careless.

Comment:  Ninth Circuit Model Jury Instruction 5.7.

Defendant objects to this instruction, arguing that while the government's theory is that Defendant had actual knowledge that the information he received from Mr. Kara was disclosed in violation of a duty of trust and confidence.  The parties agreed that the giving of this instruction should await trial to determine whether there is any evidence to support it.

**JURY INSTRUCTION NO. 38**

**COUNTS TWO THROUGH FIVE –**

**MATERIAL NONPUBLIC INFORMATION DEFINED**

Information is material if there is a substantial likelihood that a reasonable investor would consider it important in making the decision to purchase or sell securities.

Nonpublic information is information which is not generally available to the public through such sources as press releases, trade publications, analyst's reports, newspapers, magazines, television, radio, websites, internet chat rooms, online message boards, or other publicly available sources.

Information is considered nonpublic for purposes of insider trading until such information has been effectively disseminated in a manner sufficient to insure its availability to the investing public.

Comment:  Ninth Circuit Model Jury Instruction 9.9; *SEC v. Gowrish*, No. 09-CV-05883 SI (N.D. Cal. Feb. 14, 2011), ECF No. 143 at 6 (jury instructions).

**JURY INSTRUCTION NO. 39**

**COUNTS TWO THROUGH FIVE – BENEFIT DEFINED**

Personal benefit includes not only monetary gain, such as a cut of the take or a gratuity from the tippee, but also a reputational benefit or the benefit one would obtain from simply making a gift of confidential information to a trading relative or friend.  The benefit does not need to be financial or tangible in nature; it could include, for example, maintaining a useful networking contact, improving the tipper's reputation, obtaining future financial benefits, or maintaining or furthering a friendship.

Comment:  *S.E.C. v. Obus*, 693 F.3d 276, 285 (2d Cir. 2012) ("Personal benefit to the tipper is broadly defined: it includes not only 'pecuniary gain,' such as a cut of the take or a gratuity from the tippee, but also a 'reputational benefit' or the benefit one would obtain from simply 'mak[ing] a gift of confidential information to a trading relative or friend.'") (quoting *Dirks v. S.E.C.*, 463 U.S. 646, 663-64 (1983)).

**JURY INSTRUCTION NO. 40**

**COUNTS TWO THROUGH FIVE**

**USE OF INSIDE INFORMATION DEFINED**


A person uses material, nonpublic information in connection with a securities purchase if that information is a substantial factor in his decision to purchase the security.


Comment:  *United States v. Smith*, 155 F.3d 1051, 1070 n.28 (9th Cir. 1998) ("It is sufficient, as the district court observed, that the material nonpublic information be a 'significant factor' in the insider's decision to buy or sell.").

**JURY INSTRUCTION NO. 41**

**COUNTS TWO THROUGH FIVE**

**IN CONNECTION WITH DEFINED**

In connection with means that there was some nexus or relationship between the allegedly fraudulent conduct and the purchase of the securities.

Comment:  Ninth Circuit Model Civil Jury Instruction 18.0.

**JURY INSTRUCTION NO. 42**

**COUNTS TWO THROUGH FIVE**

**INSTRUMENTALITY OF INTERSTATE COMMERCE DEFINED**


An instrumentality of interstate commerce includes the postal mails, e-mails, telephone, telegraph, telefax, interstate highway system, internet and similar methods of communication and travel from one state to another within the United States.


Comment:  Ninth Circuit Model Civil Jury Instruction 18.0.

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JURY INSTRUCTION NO. 43**

**AIDING AND ABETTING**

A defendant may be found guilty of securities fraud, even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission.  To prove a defendant guilty of aiding and abetting, the government must prove beyond a reasonable doubt:

First, securities fraud was committed by someone;

Second, the defendant knowingly and intentionally aided, counseled, commanded, induced or procured that person to commit each element of securities fraud; and

Third, the defendant acted before the crime was completed.  It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime. The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit securities fraud.

The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

Comment:  Ninth Circuit Model Jury Instruction 5.1.

# JURY INSTRUCTION NO. 44

## DEFENDANT'S THEORY OF DEFENSE

[No instruction yet proposed]

Comment:  Defendant reserves the right to request an instruction on his theory of defense at the close of evidence.  The government objects that this request is premature, and notes that Defendant must be able to establish that any requested instruction is supported by the law and has some foundation in the evidence offered at trial.  Any such instruction must be legally accurate and supported by the evidence; the Court reserves ruling on any such instruction at this time.

United States District Court

For the Northern District of California

# JURY INSTRUCTION NO. 45

## DUTY TO DELIBERATE

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.


Comment:  Ninth Circuit Model Jury Instruction 7.1.

53

**JURY INSTRUCTION NO. 46**

**USE OF NOTES**

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

Comment:  Ninth Circuit Model Jury Instruction 7.3.

**JURY INSTRUCTION NO. 47**

**JURY CONSIDERATION OF PUNISHMENT**


The punishment provided by law for this crime is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.


Comment:  Ninth Circuit Model Jury Instruction 7.4.

**United States District Court**
For the Northern District of California

# JURY INSTRUCTION NO. 48

## CONSIDERATION OF EVIDENCE – CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

> Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire

1   trial process to start over.  If any juror is exposed to any outside information, please notify the court

2   immediately.

3

4   Comment:  Ninth Circuit Model Jury Instruction 7.2.

**JURY INSTRUCTION NO. 49**

**VERDICT FORM**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the deputy courtroom clerk that you are ready to return to the courtroom.

Comment:  Ninth Circuit Model Jury Instruction 7.5.

**JURY INSTRUCTION NO. 50**

**COMMUNICATION WITH COURT**


If it becomes necessary during your deliberations to communicate with me, you may send a note through the Courtroom Clerk Betty Lee, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone – including me – how the jury stands, numerically or otherwise, on any question  submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.


Comment:  Ninth Circuit Model Jury Instruction 7.6.