UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR-11-0625 EMC |
| Plaintiff, | **ORDER** |
| v. | |
| BASSAM YACOUB SALMAN, a/k/a Bassam Jacob Salman, | |
| Defendant. | |

Before the Court are a number of evidentiary and trial-related matters raised by the parties. This ruling supplements the Court's ruling on the record.

A. <u>Defendant's Evidentiary Objections</u>

Defendant objects to the introduction of government exhibits 137 and 138. The objection is **OVERRULED**. Defendant also objects to the introduction of government exhibits 440, 441, and 442, various medical records relating to Michael Kara. The objection is **SUSTAINED** without prejudice. These exhibits do not constitute statements made for medical diagnosis or treatment under Fed. R. Evid. 803(4). The government may introduce these documents as a business record under Fed. R. Evid. 803(6) if a proper foundation is laid by a proper custodian.

B. <u>Defendant's Motion for Mistrial</u>

Defendant moves for a mistrial on jury misconduct grounds. The Court, to date, has received 6 notes from undisclosed members of the jury, some of which have asked about whether certain evidence will be presented at trial. Defendant argues that these notes have prejudiced the Defendant

1

by permitting the government to adjust its case to meet the concerns of jurors.  Defendant also raises the concern that the notes possibly reflect that jurors have engaged in premature deliberation on the issues presented in this case.  The Court received a report that some jurors were overheard using the word "options" during a break, but this was determined to be unrelated.

The Court has, in the presence of the parties, conducted a voir dire of each member of the jury individually.  On the basis of this voir dire, the Court concludes that the jury has not engaged in any premature deliberations regarding the facts, exhibits, or witnesses in this case.  *See United States v. Cox*, 324 F.3d 77 (2d Cir. 2003) (finding no abuse of discretion in denying mistrial where the results of juror voir dire confirmed there had been no premature conversations regarding the case).  There is no evidence that the jurors have engaged in any conduct that jeopardized Defendant's right to a fair and impartial jury.  *See United States v. Bertoli*, 40 F.3d 1384, 1393 (3d Cir. 1994).  Further, there is no evidence that any juror has abandoned the role of neutral fact finder.  *See Davis v. Woodford*, 384 F.3d 628, 653 (9th Cir. 2003) ("What is crucial is not that jurors keep silent with each other about the case but that each juror keep an open mind until the case has been submitted to the jury." (citation omitted)).  Finally, the jurors' notes were neutral questions regarding the availability of certain evidence.  *See United States v. Huebner*, 48 F.3d 376 (1994) (finding no abuse of discretion where trial judge allowed "jurors to pass up notes requesting evidence on particular points" and would then "inform counsel of the request" because the procedure was "entirely neutral").

Accordingly, the Court concludes Defendant has suffered no prejudice from any conduct of the jury.  *See United States v. Klee*, 494 F.2d 394, 396 (9th Cir. 1974) ("The test is whether or not the misconduct has prejudice the defendant to the extent that he has not received a fair trial.").  The request for mistrial is **DENIED**.

C.   Proffer of Dr. Vincent's Testimony

The Court ruled that the proposed testimony of Dr. Victor regarding (1) Bi-Polar I disorder generally and (2) the medications used to treat Bi-Polar I disorder and their effects is admissible.

The Court ordered Defendant to provide a proffer of Dr. Vincent's proposed testimony regarding the effect of bipolar disorder on Michael Kara.  The proffer will permit the Court to ensure

that the proposed testimony is reliable and that it will not intrude upon the jury's role of evaluating credibility.  *See United States v. Barnard*, 490 F.2d 907 (9th Cir. 1973) ("Credibility, however, is for the jury – the jury is the lie detector in the courtroom); *see also United States v. Wertis*, 505 F.2d 683 (5th Cir. 1974) (recognizing psychiatrist testimony may be permissible where directed to a witnesses' "capacity and competence," not where it puts the psychiatrist "in the posture of a compurgator").

Defendant is ordered to produce this proffer by 9:00 a.m. on Monday, September 23, 2013.

IT IS SO ORDERED.

Dated:  September 20, 2013

_____
EDWARD M. CHEN
United States District Judge