1
2
3
4
5                    UNITED STATES DISTRICT COURT
6                    NORTHERN DISTRICT OF CALIFORNIA
7
8    UNITED STATES OF AMERICA,                    No. CR-11-0625 EMC
9              Plaintiff,
                                                  **ORDER OF FORFEITURE**
10        v.
11   BASSAM YACOUB SALMAN, a/k/a
     Bassam Jacob Salman,
12
              Defendant.
13   _____/
14

15        On April 9, 2014, the Court sentenced Defendant pursuant to his conviction for conspiracy

16   and securities fraud.  Dkt. No. 291.  Under 18 U.S.C. § 981(a)91)(C), the Court may order forfeiture

17   of property which "constitutes or is derived from proceeds traceable to" securities fraud.  *See, e.g.*,

18   *United States v. Contorinis*, 692 F.3d 136, 145 (2d Cir. 2012).  In its sentencing memorandum, the

19   government requested forfeiture of $446,829.49 – an amount representing the total illegal gain to

20   Defendant from his securities fraud scheme ($1,185,368.91) less the amount ordered in restitution

21   ($738,539.42).  Dkt. No. 279, at 8-9.  Defendant has neither objected to the forfeiture order nor

22   raised any objection to the amount sought by the government.

23        At the sentencing hearing, however, the Court inquired whether apportionment of the amount

24   sought to be forfeited needed to be apportioned to represent the fact that, according to the evidence,

25   Mr. Karim Bayyouk received a substantial portion of the illegal gain from Defendant's activity.

26        The parties have submitted supplemental sentencing memoranda on this question.  Where a

27   defendant has been convicted of conspiracy, a forfeiture order may reach the proceeds "obtained by

28

1

the conspiracy as a whole." *United States v. Newman*, 659 F.3d 1235, 1244 (9th Cir. 2011).  The

Second Circuit has described the reasoning for this rule by stating:

> [A] court may order a defendant to forfeit proceeds received by others
> who participated jointly in the crime, provided the actions generating
> those proceeds were reasonably foreseeable to the defendant.  This
> extends to forfeiture proceedings, where the general principle is that a
> defendant is liable for the reasonably foreseeable acts of his co-
> conspirators.  The extension of forfeiture to proceeds received by
> actors in concert with a defendant may be deemed to be based on the
> view that the proceeds of a crime jointly committed are within the
> possessory rights of each concerted actor, i.e. are "acquired" jointly by
> them and distributed according to a joint decision.

*Id.* at 147.  Defendant was convicted of conspiracy to commit securities fraud.  The evidence at trial

established that he led the conspiracy and initiated the tainted trades made by Mr. Bayyouk for their

account.  Accordingly, the Court need not apportion the forfeiture award to account for  Defendant's

and Mr. Bayyouk's respective share of the proceeds from the securities fraud conspiracy.

Accordingly, it is **ORDERED** that a money judgment in the amount of $446,829.49 be

entered against defendant Bassam Yacoub Salman.  This amount represents the amount of illegal

proceeds defendant earned from the insider trading scheme and thus forfeitable to the United States

pursuant to 28 U.S.C. § 2461(c) and 18 U.S.C. § 981(a)(1)(C).  This amount represents a total illegal

///

///

///

///

///

///

///

///

///

///

///

///

2

1    gain of $1,185,368.91 (an amount Defendant has not disputed) less the $738,539.42 this Court has

2    ordered Defendant to pay his victims in restitution.[1]

3

4            IT IS SO ORDERED.

5

6    Dated:  April 23, 2014

7                                                        _____

8                                                        EDWARD M. CHEN
                                                         United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20    _____

21        [1] In his supplemental memorandum on forfeiture, Defendant has raised three issues regarding
      the restitution award.

22            First, Defendant has requested that his restitution payments be capped at 7% of his monthly
      income following his release from custody.  This request is **DENIED**.

23

24            Second, Defendant has requested that his payments be directed first to compensating his
      victim and that the payments only be applied to the forfeiture order once full restitution is paid.  This
      request is **GRANTED**.  *See United States v. Cohan*, — F. Supp. 2d — , 2013 WL 6767873, at *4

25    (E.D.N.Y. Dec. 23, 2013); *see also* 18 U.S.C. § 3612(c).

26            Finally, Defendant requests that the Court modify the restitution award so that Defendant is
      not jointly and severally liable for the entire amount of his victim's losses.  Rather, Defendant

27    requests that the Court apportion the restitution award between himself, Maher Kara, and Mounir
      Kara.  This request is **DENIED**.  *See* 18 U.S.C. § 3664(h) ("If the court finds that more than 1

28    defendant has contributed to the loss of a victim, the court may make each defendant liable for
      payment of the full amount of restitution . . . .").

                                                         3