UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BASSAM YACOUB SALMAN, a/k/a<br>Bassam Jacob Salman,<br><br>　　　　　Defendant.<br>_____/ | No. CR-11-0625 EMC<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR RELEASE PENDING APPEAL**<br><br>**(Docket No. 320)** |

## I.   INTRODUCTION

Pending before the Court is Defendant Bassam Yacoub Salman's motion for release pending appeal. Docket No. 320. For the following reasons, the Court **DENIES** Defendant's motion.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

On September 30, 2013, a jury convicted Defendant on four counts of securities fraud and one count of conspiracy to commit securities fraud. Docket No. 253. Defendant moved for a new trial based, in part, on the argument that the Court erred by instructing the jury on the concept of "deliberate ignorance." The Court denied Defendant's motion for a new trial on December 17, 2013. *United States v. Salman*, No. CR-11-0625 EMC, 2013 WL 6655176 (N.D. Cal. Dec. 17, 2013). On April 11, 2014, the Court sentenced Defendant to 36 months in prison, followed by a three-year term of supervised release. Docket No. 286. Defendant has now moved for release pending appeal. Defendant's motion focuses solely on the propriety of the deliberate ignorance jury instruction and largely restates the arguments made in his motion for a new trial. Defendant argues

that it is, at very least, "fairly debatable" whether giving the deliberate ignorance instruction was correct based on the evidence presented at trial. Docket No. 320, at 7.

### III.   DISCUSSION

A.   Legal Standard

Under 18 U.S.C. § 3143(b), a defendant convicted of an offense is to be detained pending appeal unless the court determines (1) that the person is not likely to flee or pose a danger; and (2) that the appeal is "not for the purpose of delay and raises a substantial question of law or fact likely to result" in reversal, a new trial, a non-custodial sentence, or a term of imprisonment less than the total time expected to take the appeal. 18 U.S.C. § 3143(b). A "substantial question" is one that is "fairly debatable" or "fairly doubtful" and involves "more substance than would be necessary to a finding that it was not frivolous." *See United States v. Handy*, 761 F.2d 1279, 1283 (9th Cir. 1985); *see also United States v. Miller*, 753 F.2d 19, 22 (3d Cir. 1985) ("[A] court must determine that the question raised on appeal is a 'substantial' one, i.e. it must find that the significant question at issue is one which is either novel, which has not been decided by controlling precedent, or which is fairly doubtful."). The burden is on the Defendant to overcome the presumption that he should be detained while his appeal is pending. *See United States v. Montoya*, 908 F.2d 450, 451 (9th Cir. 1990).

B.   Defendant Has Failed to Demonstrate the Existence of a "Substantial Question" as to Whether the Deliberate Ignorance Instruction Was Properly Given

The Court instructed the jury on the concept of deliberate ignorance as follows:

> **JURY INSTRUCTION NO. 38**
> **COUNTS TWO THROUGH FIVE - DELIBERATE IGNORANCE**
>
> You may find that the defendant acted knowingly if you find beyond a reasonable doubt that the defendant:
>
> 1.   was aware of a high probability that he obtained information that had been disclosed in violation of a duty of trust and confidence, and
>
> 2.   deliberately avoided learning the truth.
>
> You may not find such knowledge, however, if you find that the defendant actually believed that the information he obtained was not disclosed in violation of a duty of trust and confidence, or if you find that the defendant was simply careless or reckless.

1  Docket No. 245, at 43.  As the Court noted in its order denying Defendant's motion for a new trial,
2  this instruction, modeled after Ninth Circuit Model Jury Instruction 5.7, is an accurate statement of
3  the law.  *See United States v. Heredia*, 483 F.3d 913, 924 (9th Cir. 2007).  Additionally, the
4  instruction provided by the Court goes beyond the model instruction by explicitly stating that the
5  jury could not find the necessary knowledge if it found that the Defendant had simply acted
6  recklessly.

7       Defendant argues, however, that it is "fairly debatable" whether giving this instruction was
8  proper because courts of appeal have rejected deliberate ignorance instructions where there is
9  insufficient evidence from which a jury could conclude that the defendant took "deliberate action" to
10 avoid learning the information at issue.  Docket No. 320, at 4.  Defendant relies primarily on the
11 Seventh Circuit case of *United States v. L.E. Myers Co.*, 562 F.3d 845 (7th Cir. 2009).  There, the
12 Seventh Circuit held that "[f]ailing to display curiosity" is insufficient to support a deliberate
13 ignorance instruction – rather, the defendant "must affirmatively *act* to avoid learning the truth."
14 *Id.* at 854 (emphasis in original); *see also id.* (distinguishing between "evidence of deliberate
15 *indifference* to the facts" and "evidence of deliberate *avoidance*").  However, it is clearly established
16 in this Circuit that a "failure to investigate can be a deliberate action" for purposes of the deliberate
17 ignorance instruction.  *United States v. Ramos-Atondo*, 732 F.3d 1113, 1120 (9th Cir. 2013); *see*
18 *also United States v. Liddle*, — F. App'x — , 2014 WL 1101051, at *2 (9th Cir. Mar. 21, 2014)
19 ("Even if the government failed to show that Rhonda took deliberate steps to avoid discovering the
20 truth, Rhonda's failure to investigate can be a deliberate action." (citation omitted)).

21      Accordingly, when the evidence at trial is such that a jury could infer that the defendant
22 deliberately failed to investigate in the face of a "high probability" of illegality, the deliberate
23 ignorance instruction is proper.  Thus, in *United States v. Svoboda*, 347 F.3d 471 (2d Cir. 2003), the
24 court affirmed a deliberate ignorance instruction in a securities fraud action materially similar to this
25 case.  The court found that the suspicious source, timing, and success of the suspect trade
26 information all combined to "suggest a high probability that Svoboda's tips were based on inside
27 information and that any lack of actual knowledge on Robles' part was due to a conscious effort to
28

avoid confirming an otherwise obvious fact." *Id.* at 481.  Similarly, in *Ramos-Atondo*, the Ninth Circuit found a deliberate ignorance instruction to be proper in a drug trafficking case because

> [t]he jury could have inferred that Corona-Vidal, Martinez, and Ramos deliberately chose not to ask why they were going to unload packages at the beach in dark, wearing dark clothing, without any identification or possessions.  The jury could have inferred that Ramos-Atondo chose not to examine the packages on the boat, or ask why he was taking a boat full of packages from Mexico to a beach in the United States in the dark using a pre-programmed GPS.

*Id.*  These cases negate Defendant's reliance on *L.E. Myers* in arguing that deliberate inaction cannot suffice.  Rather, the cases establish at least in this circuit and others (besides the Seventh Circuit) that the government need not show evidence of an *affirmative act* by the defendant before the deliberate ignorance instruction can be given – a failure to investigate may suffice.  *See United States v. Heredia*, 483 F.3d 913, 923 (9th Cir. 2007) (en banc).

   Defendant argues, however, that both *Ramos-Atondo* and *Svoboda* are distinguishable because they presented overwhelmingly suspicious circumstances that are not present in this case.  Specifically, he asserts that "[n]othing about the source of the information or the other circumstances permitted the jury to infer beyond a reasonable doubt that Salman deliberately avoided knowledge that Mounir's information came from Maher."  Docket No. 320, at 5-6.  The Court disagrees.  As noted above, as a legal matter, these cases negate the argument that deliberate *inaction* cannot support a deliberate ignorance instruction.  Further, as a factual matter, and as discussed in its prior order, the jury in this case could have inferred from powerful evidence that Defendant deliberately failed to investigate the source of his information given, *inter alia*, (1) the relationship between Michael Kara, Mounir Kara, and the Defendant; (2) the timing of the trades at issue (specifically that they were all made very close to major corporate announcements prior to public dissemination of that information); (3) the success of the numerous trades; and (4) Defendant's efforts to conceal his trading activity.  *Salman*, 2013 WL 6655176, at *4.  In short, there was substantial evidence of deliberateness.

   The Court further notes that in reviewing the Court's decision to give the "deliberate ignorance" instruction, the Court of Appeals will apply an abuse of discretion standard of review.  *See, e.g.*, *United States v. Yi*, 704 F.3d 800, 804 (9th Cir. 2013) ("A district court's decision to give a

particular jury instruction is reviewed for abuse of discretion."); *see also Heredia*, 483 F.3d at 922 (noting that the "decision to give a deliberate ignorance instruction" is reviewed for an abuse of discretion).

    The Court concludes the issue raised by Defendant does not rise to the level of a "substantial question" of law or fact. *See United States v. Warner*, No. 02 CR 506-1,4, 2006 WL 2931903, (N.D. Ill. Oct. 13, 2006) ("Accordingly, the court will, when determining if a question raised by Defendants is 'substantial,' consider whether this court's previous resolution of the question was committed to its discretion.").

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion for release pending appeal is **DENIED**. This order disposes of Docket No. 320.

IT IS SO ORDERED.

Dated:  July 1, 2014

_____
EDWARD M. CHEN
United States District Judge